WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Gerrick Garrett,<br><br>            Plaintiff,<br><br>      vs.<br><br>Costco Wholesale Corporation, a foreign corporation; John and Jane Does I-X; ZYZ Entities I-X; ABC Partnerships I-X,<br><br>            Defendants. | No. CV 25-1068-PHX-JAT<br><br>**PROTECTIVE ORDER** |

WHEREAS, the parties' stipulate that Plaintiff Gerrick Garrett ("Plaintiff") seeks discovery of confidential, sensitive, proprietary and/or trade secret documents and information from Defendant Costco Wholesale Corporation ("Costco") regarding certain Costco practices, procedures, and guidelines ("Confidential Information"); and

WHEREAS, Costco seeks protection against the unrestricted disclosure and use of such Confidential Information;

Therefore, **IT IS ORDERED** granting the stipulation (Doc. 15) and approving the stipulated to protective order as modified below.

1.    This Protective Order shall govern all Confidential Information revealed in the above-referenced lawsuit, whether the Confidential Information is contained in documents produced, answers to interrogatories, deposition testimony and/or any other

1

oral or written responses to discovery conducted in this matter, whether it is revealed by Costco or any other party or third-party. "Confidential Information" is limited to: training and operations materials that Costco routinely keeps confidential (by, for example, having employees sign non-disclosure agreements with respect to the materials) and surveillance footage of the subject incident.  The parties have not shown good cause to mark any other information as confidential.

2. A party shall indicate that information is Confidential Information hereunder by producing a copy bearing a stamp or label signifying that it is "Confidential." In the case of testimony or any other oral information, it shall be sufficient for a party to state that the Confidential Information is confidential pursuant to this Agreement and Protective Order at the time such testimony or oral information is given or conveyed. Alternatively, a party may designate testimony as Confidential hereunder by marking the transcript containing Confidential Information with the word "Confidential" within thirty days (30) days of receipt of the transcript of said testimony. A party may object to the designation of Confidential Information by notifying the other party of such objection within fourteen (14) days of receipt of the materials so designated. Thereafter, the attorneys for each party shall confer in good-faith to try and resolve the issue(s). The conference must occur within 10 days of any objection. If no such resolution can be reached, the objecting party shall file a motion with the Court challenging the designation within fourteen (14) days of the conference between counsel. Confidential Information shall be treated as Confidential hereunder unless and until the Court rules otherwise. The failure of a party to challenge the designation of Confidentiality within the time frames referenced herein shall amount to a waiver of any objection thereto.

3. Confidential Information obtained by or produced to any party shall be held in confidence and revealed only to counsel of record, paralegals and secretarial employees under counsels' direct supervision, the parties themselves for purposes of

1  deposition, and such persons as are employed by the parties or their counsel to act as
2  experts, investigators or consultants in this case. All Confidential Information must be
3  maintained in counsels' office, with the exception of documents and/or information
4  provided to individuals employed to act as experts in this case. The parties shall take all
5  steps reasonably necessary to see that no person shall use, disclose, copy or record
6  Confidential Information for any purpose other than the preparation or conduct of this
7  case.

8        4.      All Confidential Information shall be used solely for the purpose of the
9  present litigation, including any appeals or retrials, and not shared outside the pending
10 litigation or for any other purpose(s). Under no circumstances shall Confidential
11 Information be disclosed to anyone other than the persons designated above, and the
12 parties shall not disclose such Confidential Information to any undesignated person
13 during or after the termination of this litigation. Moreover, no Confidential Information
14 shall be disclosed to a competitor (direct or indirect) of Costco, whether for the purposes
15 of this litigation or otherwise.

16       5.      Before any Confidential Information is disseminated or disclosed to any of
17 the above-designated persons, such person shall (a) read this Protective Order in its
18 entirety; and, (b) agree to all provisions of this Protective Order.

19       6.      All depositions and reports in which Confidential Information is discussed,
20 documented or referred to shall NOT be deemed Confidential Information as a whole.
21 Instead, the party marking specific information as Confidential must identify only the
22 qualifying information, not the entire deposition or report.

23       6.1.      Nothing in this Order shall be construed as automatically permitting a party
24 to file under seal.  Before any party files any document under seal such party shall seek
25 leave of Court and shall show "compelling reasons" (dispositive motion) or "good cause"
26 (non-dispositive motion) for filing under seal.  *See Kamakana v. City and County of*

*Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *see also Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096-97 (9th Cir 2016).  Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document.   Finally, Costco shall not move to seal materials that are already in the public record.  *See Sheikh v. Costco Wholesale Corp.,* No. CV-22-00947-PHX-DLR, 2024 WL 455243, at *2 (D. Ariz. Feb. 6, 2024); *Bowen v. Costco Wholesale Corp.*, No. CV-24-00271-PHX-KML, 2025 WL 786517, at *1 (D. Ariz. Mar. 12, 2025); *Baldwin v. Costco*, No. CV-23-2327-PHX-JAT (D. Ariz. March 31, 2025).  Further, no portion of the trial of the matter shall be conducted under seal.

Leave of Court is not required to redact any information allowed to be redacted by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 5.2.  Further, sealing is not a substitute for redacting.  *See Culver v. NXP USA Inc. Long Term Disability Ins. Plan*, No. CV-18-02205-PHX-DWL, 2019 WL 1452992, at *1 (D. Ariz. Apr. 2, 2019) ("The annoyance and expense of taking time to redact personal information from documents ordinarily cannot outweigh the public's interest in access.").  By way of example, Costco represents that it intends to mark the security video as confidential because it contains other customers faces who are not parties to this litigation.  The Court sees no reason why this video cannot be publicly filed with the faces obscured.

7.     Upon final termination of this litigation, each person subject to this Confidentiality Agreement and Protective Order shall return all Confidential Information to counsel for Costco within thirty (30) days after the final disposition of this matter. Documents that contain notations of counsel may be destroyed rather than returned, but it shall be the responsibility of counsel to ensure the documents are destroyed.

8. The disclosure of any Confidential Information by Costco shall not serve to waive any of the protections provided by this Confidentiality Agreement and Protective Order with respect to any other Confidential Information.

9. No person who has received Confidential Information shall seek to vacate or otherwise modify this Order at any time.

10. Nothing in this Confidentiality Agreement and Protective Order shall restrict Costco's right to object to the disclosure of documents or information otherwise objectionable, protected or privileged pursuant to the Federal Rules of Civil Procedure, federal or state law, or to seek a protective order preventing disclosure or limiting the discovery of Confidential Information, or to seek a protective order preventing disclosure or limiting the discovery of information or material that is objectionable on other grounds, regardless of whether or not such material may also constitute Confidential Information pursuant to this Confidentiality Agreement and Protective Order.

11. By entering this Order, the parties do not intend to waive or limit their rights under Federal Rule of Civil Procedure 26(c)(2).

12. The Court shall retain jurisdiction to entertain proceeding related to the interpretation or enforcement of this Protective Order following the conclusion of this case.

Dated this 27th day of May, 2025.

_____
James A. Teilborg
Senior United States District Judge